

**Entered on Docket
March 15, 2010**

*Bruce A. Markell*
_____
**Hon. Bruce A. Markell
United States Bankruptcy Judge**

WILDE & ASSOCIATES
Gregory L. Wilde, Esq.
Nevada Bar No. 004417
208 South Jones Boulevard
Las Vegas, Nevada 89107
Telephone:  702 258-8200
bk@wildelaw.com
Fax:  702 258-8787

and

MARK S. BOSCO, ESQ.
Arizona Bar No. 010167
TIFFANY & BOSCO, P.A.
2525 East Camelback Road, Suite 300
Phoenix, Arizona 85016
Telephone: (602) 255-6000

Wells Fargo Bank, N.A.
09-77325

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In Re: | BK-S-09-34138-bam |
| Ronald B. Lewis | Date:  2/23/10<br>Time: 1:30pm |
| | Chapter 7 |
| Debtor. | |

## ORDER VACATING AUTOMATIC STAY

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Automatic Stay in the

above-entitled bankruptcy proceedings is immediately vacated and extinguished for all purposes as to

Secured Creditor Wells Fargo Bank, N.A., its assignees and/or successors in interest, of the subject

property, generally described as 9975 Peace Way, Las Vegas, NV 89147, and legally described as

follows:

Parcel I (Unit):

Living Unit Two Thousand One Hundred Twenty-Eight (2128) in Building Eighteen (18) as shown on The Final Map of Chateau Nouveau Condominiums Unit 1, a condominium subdivision and Common Interest Community, on File in Book 120 of Plats, Page 29, in the Office of the County Recorder, Clark County, Nevada.

Parcel II (Common Elements):

1/280th Interest as tenants in common in the the Common Elements shown on the Plat, in accordance with and subject to the terms of the Declaration of Covenants, Conditions and Restrictions for Chateau Nouveau Condominiums recorded November 8, 2004 in Book 20041108 as Instrument No. 03529 in the Office of the County Recorder, Clark County, Nevada.

Excepting therefrom, the right to use any of those areas designated as Limited Common Elements in the Plat and/or the Declaration.

Further reserving therefrom for the benefit of the owners of all Units shown on the Plat (Except the Unit referred to in Parcel l above), non-exclusive easements for access, ingress, egress, use, enjoyment and other purposes on, over, and across the Common Elements, as defined In, and subject to the Declaration.

Parcel III (Limited Common Elements):

The Exclusive right to use, possess and occupy the following, subject to the terms and provisions of the declaration:

Covered Parking Space:67

Which is described as a Limited Common Element in Section 5.2 and 5.3 of the declaration and which is appurtenant to Parcels I and II described above.

Together with the areas designated as Limited Common Elements, allocated to Parcels 1and 2 in the declaration.

Parcel IV (Appurtenant Easements):

Non-exclusive easements for access, ingress, egress, use, enjoyment and other purposes on, over and across the Common Elements as defined in the subject to the declaration, which easements are appurtenant to Parcels I, II, and III above.

**IT IS FURTHER ORDERED, ADJUDGED and DECREED that the Secured Creditor shall give Debtor at least five business days' notice of the time, place and date of sale.**

DATED this _____ day of _____ 2010

Submitted by:

**WILDE & ASSOCIATES**

By: _____ #10235
**Gregory L. Wilde, Esq.**
Attorney for Secured Creditor
208 South Jones Boulevard
Las Vegas, Nevada 89107

APPROVED / DISAPPROVED

By:_____
Lisa J. Garofalo
1020 Garces Avenue
Las Vegas, NV 89101
Attorney for Debtor(s)

Nevada Bar No:_____

APPROVED / DISAPPROVED

By:_____
Lenard E Schwartzer
2850 S. Jones Blvd. #1
Las Vegas, NV  89146
Chapter 7 Trustee

In accordance with Local Rule 9021, the undersigned counsel certifies as follows (check one):

_____ The court waived the requirements of LR 9021.

_____ No parties appeared or filed written objections, and there is no trustee appointed in the case.

_____ No parties appeared or filed written objections, and the trustee is the movant.

__x__ This is a chapter 7 or 13 case, and either with the motion, or at the hearing, I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any trustee appointed in this case, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

Debtor's counsel:

_____ approved the form of this order       _____ disapproved the form of this order

_____ waived the right to review the order and/or   __x__ failed to respond to the document

_____ appeared at the hearing, waived the right to review the order

_____ matter unopposed, did not appear at the hearing, waived the right to review the order

Trustee:

_____ approved the form of this order       _____ disapproved the form of this order

_____ waived the right to review the order and/or   __x___ failed to respond to the document

_____ This is a chapter 9, 11, or 15 case, and I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any trustee appointed in this case any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below.

Debtor's counsel:

_____ approved the form of this order       _____ disapproved the form of this order

_____ waived the right to review the order and/or   _____ failed to respond to the document

_____ appeared at the hearing, waived the right to review the order

_____ matter unopposed, did not appear at the hearing, waived the right to review the order

Trustee:

_____ approved the form of this order       _____ disapproved the form of this order

_____ waived the right to review the order and/or   _____ failed to respond to the document

_____ I certify that I have served a copy of this order with the motion, and no parties appeared or filed written objection.

Submitted by:

 /s/ Gregory L. Wilde, Esq.

Gregory L. Wilde, Esq.

Attorney for Secured Creditor